# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET
### MARCH TERM 1856, AT BOSTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, ⎬ Justices.
Hon. BENJAMIN F. THOMAS,
Hon. PLINY MERRICK,

---

MICHAEL MULRY *vs.* MOHAWK VALLEY INSURANCE COMPANY

Under *St.* 1852, c. 312, a misrepresentation of the assured, not specified in the defendants' answer, cannot be relied on to show a policy of insurance to be void, and so defeat an action thereon, although first disclosed by the plaintiff's evidence.

The evidence of experts is not competent to show that the risk of fire is greater in unoccupied buildings.

BIGELOW, J.   The defendants in this case relied at the trial upon two grounds of defence to the claim of the plaintiff under his policy.   One was, that the premises, after the policy was made, and at the time of the fire, were used for the sale of spirituous liquors, contrary to an express stipulation on the part of the plaintiff; and that the policy was thereby rendered void.

This ground of defence was fully stated in the answer of the defendants, and the question of fact arising thereon was submitted to the jury, who returned their verdict on this point in favor of the plaintiff.

The other ground of defence was that spirituous liquors were kept and sold on the premises by the plaintiff at the time the policy was made and issued, and that this use of the premises was not stated by the plaintiff in his application for insurance, as required by the conditions annexed to the policy, and that for this reason, the plaintiff could not recover. This ground of defence was not set out by the defendants in their answer. It appeared however in the course of the trial, on the cross-examination of the plaintiff's witnesses, that the premises were so used by the plaintiff at the time of making his application and at the date of his policy. Upon this state of facts, which was not controverted by the plaintiff at the trial, the defendants contended, and asked the court to rule, that the plaintiff, upon a just construction of the policy, and of the terms and conditions annexed to it, could not recover. The judge who presided at the trial refused so to rule, and it is upon this refusal, that the case now comes before the whole court.

We have not found it necessary to determine whether the facts disclosed by the plaintiff's witnesses, as to the use of the premises at the time the policy was issued, would render it void; because we are of opinion that this defence is not open to the defendants, inasmuch as it was not set forth in their answer. Formerly, by pleading the general issue, every thing was open to proof, which went to show that the plaintiff's claim was invalid through fraud or illegality, or was in its inception void in law. *Hulet* v. *Stratton*, 5 Cush. 539. *Dixie* v. *Abbott*, 7 Cush. 610. But the practice act, *St.* 1852, *c.* 312, by abolishing the general issue, and substituting therefor an answer which is required to contain precise, certain and substantial averments and denials, and providing that every matter averred in the declaration, and not denied by the answer, shall be deemed to be admitted, effected a material change, not only in the forms of pleading, but also in the mode of making up issues of fact be-

tween the parties. There being now no general form of deny-
ing the plaintiff's right to recover, the defendant is compelled
by §§ 14, 26, to deny every substantive fact alleged by the
plaintiff in his declaration, or declare his ignorance thereof and
leave the plaintiff to his proof. These provisions enable the
defendant, by an answer denying the plaintiff's allegations, to
put in issue only such matters as are properly averred in the
plaintiff's declaration. The plaintiff, by § 2, is required to
make no allegations except those which he is bound by law
to prove. Therefore the defendant, by merely answering the
allegations in the plaintiff's declaration, can try only such
questions of fact as are necessary to sustain the plaintiff's case.
He cannot thus put in issue matters which go to defeat or
avoid it; and it is accordingly provided by § 18, that the an-
swer shall set forth in clear and precise terms each substantive
fact intended to be relied on in avoidance of the action; by
which are intended to be embraced all matters which cannot be
proved under the denial of the allegations in the plaintiff's
declaration. It follows, as a necessary consequence, that when-
ever a defendant intends to rest his defence upon any fact which
is not included in the allegations necessary to the support of the
plaintiff's case, he must set it out in clear and precise terms in
his answer; and as the plaintiff is not bound to aver any thing
which tends to defeat his action, or which shows that his claim
is illegal or void in its inception or otherwise, all such matters
must be set out and averred in the answer under the eighteenth
section of the practice act. This constitutes the main differ-
ence between the system of pleading established by the prac-
tice act, and that which was previously in force. Thus under-
stood and administered, it is plain that the practice act is
intended to bring the parties to a cause by their pleadings to
clear and precise issues of fact, and all immaterial and unneces-
sary averments are wholly excluded.

This decision is but an extension and application, to other
forms of declaration, of the principle of construction already laid
down by this court in actions on the common counts or on an
account annexed. *Granger v. Ilsley*, 2 Gray, 521.

Applying this construction of the statute to the answer of the defendants in the case at bar, it is manifest that the defence relied upon was not open to the defendants. Proof that the policy was void in its inception, by reason of misrepresenta· tion or concealment on the part of the plaintiff of material facts, was clearly in avoidance of the action. It did not come within any of the allegations contained in the plaintiff's declaration. He was not bound to aver or prove any such fact. It was for the defendants to allege and prove it as a distinct substantive ground of defence.

It was urged at the argument, that it was always compe- tent for the defendant to take advantage of any matter in defence to an action, which was disclosed by the plaintiff's own testi- mony. This was true to a certain extent, when the general issue was pleaded, because under it all matters which tended to prove the original invalidity of the plaintiff's claim were open and competent to be proved. But, for the reasons already given, it is otherwise under the system of pleading established by the practice act. Nothing is open and competent to be proved, except what is comprehended in the distinct averments and denials of the parties. All other matters are irrelevant to the issue. Strictly speaking, therefore, all the evidence drawn out of the plaintiff's witnesses on cross-examination, which tended to show that spirituous liquors were kept and sold on the premises at the time of making the policy, was incompetent and irrelevant, because no such issue was before the jury on the pleadings. It might therefore have been properly excluded; but, being in, it cannot be used to defeat the plaintiff's claim on a ground not set out in the answer.

Of course, it is always in the power of the court, in the exer- cise of its discretion, to allow amendments to the answer of a defendant, where facts material to the defence are disclosed by the testimony of the plaintiff, which, by the use of due diligence, could not have been known to the defendant so that he could avail himself of them in his answer. But in the case at bar no such surprise was shown as would warrant the allowance of an amendment to the answer; and none was in fact moved for at the trial.

The ruling of the court, rejecting the evidence of certain officers and agents of insurance companies in Boston, offered as experts " to prove that the failure of the applicant and his men, or any one else, to occupy the said building for lodging, increased the risk and was material thereto," was clearly right. The facts proposed to be proved by them were of a character equally within the knowledge of the jury as of the witnesses, and were not such as to render the opinions of witnesses competent. The case at bar is widely different from that of *Webber* v. *Eastern Railroad*, 2 Met. 147, cited by the defendants. There the fact to be proved was that insurance companies charged an increased premium on a certain class of risks. This fact could be proved satisfactorily by those only, who were so familiar with the business of insurance as to be able to testify on the points. But the facts in the present case were within the common experience of all mankind. *Exceptions overruled.*

*J. H. Wakefield*, for the defendants.

*W. Gaston & J. W. May*, for the plaintiff.