CASE 17—PETITION EQUITY—JANUARY 15.

## Beckett, &c., v. Sawyers.

APPEAL FROM KNOX COURT OF COMMON PLEAS.

PURCHASE WITH NOTICE OF EQUITY.—Although one may have purchased property with notice of the equity of another and with the intention to defraud him, the equitable owner can not set aside the sale if he had consented to a sale of the property.

JOHN L. SCOTT FOR APPELLANTS.

The appellee purchased the land in controversy with notice of the claim of the mother of appellants, and, therefore, holds as trustee for appellants. (Aynesworth v. Haldeman, 2 Duv., 568; Hunt v. Dupuy, 11 B. M., 285; Maraman v. Maraman, 4 Met., 89; Bohannon v. Streshley, 2 B. M., 438; Campbell v. Galbreath, 12 Bush, 460; Forepaugh v. Appold, 17 B. M., 681; Farris v. Dunn, 7 Bush, 278; Miller v. Edwards, 7 Bush, 396; Honore v. Hutchings, 8 Bush, 691; Prather v. Weissiger, 10 Bush, 121; Craig v. McBride, 9 B. M., 10; C. & L. R. Co. v. Bowler, 9 Bush, 476; Tanner v. Skinner, 11 Bush, 120; Bank of America v. Neil, 10 Bush, 56; Gault v. Trumbo, 17 B. M., 686; Willis v. Vallette, 4 Met., 192.)

WILSON & RAWLINGS OF COUNSEL ON SAME SIDE.

J H TINSLEY FOR APPELLEE.

No brief in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Mrs. Elizabeth Beckett and her children brought this action against the appellee to have the conveyance of

the tract of land in controversy by Mrs. Crain to the appellee declared a trust for their benefit. Mrs. Elizabeth Beckett having died after the action was commenced, the action was revived in the name of the appellants.

It is claimed that the land was purchased by the brother of Mrs. Beckett, and was, in most part, paid for with money belonging to her, and the deed was to be made to her and her children; but her husband, without her knowledge or consent, had the deed made to himself; but before the same was recorded he sold the land to the appellee, and had the vendor to make a deed to the appellee in lieu of the one that had been made to himself; that this transaction was made with notice to the appellee that the land belonged to Mrs. Beckett, and in fraud of her rights, &c.

The appellants' proof is to the effect that the appellee, before he purchased, had notice that Mrs. Beckett was the equitable owner of the land. He says that he did not have notice of that fact. This was the issue that the lower court had to pass upon, which involved the further issue as to whether the purchase was made without the consent of Mrs. Beckett. If the record shows that the sale was made to the appellee with the consent of Mrs. Beckett, then he is not amenable to the charge of fraud. It is shown by the proof that Mrs. Beckett did not consider the place a desirable residence for herself and family, and she desired to change her residence to some other place, and to that end she desired her husband to sell the place now in controversy, and he intended to do so. This understanding existed at the time the

appellee made the purchase. Although there is no proof that the appellee was aware of this consent, yet he committed no fraud upon Mrs. Beckett if the land was sold with her consent. To constitute fraud in such case, there must be the concurrence of notice and want of consent to the sale. To constitute this consent it need not be given directly to the purchaser. It is sufficient if the sale is made with the party's consent generally, although the purchaser may be ignorant of it. Even if the purchaser designed to defraud the equitable owner, and thought he was defrauding him, yet if the equitable owner consented to the sale, he could not maintain an action to set the sale aside on the ground of fraud; for, to constitute fraud in fact, the party complaining must be actually or constructively deceived; and if he is not thus deceived, although the other party designs to deceive him, he has no ground of complaint. The deceit, as said, in such case consists in purchasing the person's equitable title with notice of it and without his consent.

The proof is clear that the land was sold with the consent of Mrs. Beckett, although she may not have known of the sale to the appellee. Besides, he swears that he did not have notice of Mrs. Beckett's claim.

The judgment is affirmed.