CREEKMORE *v.* WOODARD.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

KEFAUVER, DUGGAN & MILLER, of Chattanooga, for plaintiff in error.

JOHN T. MAHONEY, of Chattanooga, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Woodard sued Mrs. Creekmore to recover damages for injuries received in a collision between two automobiles. His declaration alleged various acts of negligence in the driving of the automobile in which Mrs. Creekmore was riding and alleged that she was driving that automobile at the time, though not its owner. Responsive to the written motion of Woodard the Court ordered Mrs. Creekmore to plead specially her defenses in accordance with the requirements of Code Section 8767. Thereafter she first filed a plea of not guilty. Months

later she filed a special plea to the effect that (1) she was not guilty of any negligence, but if it be found to the contrary (2) the plaintiff was guilty of proximate contributory negligence. It was expressly recited in this special plea that she was relying also upon her plea of not guilty theretofore filed.

Woodard offered evidence to the effect that Mrs. Creekmore was driving the automobile at the time of the collision. When he rested his case Mrs. Creekmore presented her brother-in-law as a witness and proposed to prove by him that the car was not being driven by Mrs. Creekmore, but was being driven by this brother-in-law.

The Trial Judge, on objection of plaintiff, refused to allow Mrs. Creekmore to offer any evidence to the effect that she was not driving the car. This was on the ground that she had not specially plead that as a defense in response to the order that she specially plead her defenses in accordance with Code Section 8767. This, in effect, amounted to holding that the general issue plea is not available for any defense of a defendant who has been required to plead in accordance with that code section.

In a very thoroughly considered opinion the Court of Appeals sustained the aforementioned action of the Trial Judge and affirmed the judgment for damages which had been entered on the verdict of the jury. Nevertheless, Mrs. Creekmore's petition for writ of certiorari was granted.

It is the insistence of Mrs. Creekmore that a plea of not guilty amounted to a denial of all material allegations of the declaration. One of these allegations was that she was the driver of the car. Her position is that having said in her special plea that she was relying upon her general issue plea of not guilty, she had the right, therefore, under this general issue plea to offer

evidence to contradict the evidence of plaintiff to the effect that she was driving the car.

The code sections involved read as follows:

"8766. In all cases.—He may plead such general plea, whether such plea would have been good heretofore or not."

"8767. Or defendant may plead specially.—Or he may on motion of plaintiff, entered of record, be ordered to plead specially his defenses, in which case he shall state the facts relied on, truly, and briefly as may be, and no matter of defense not pleaded shall be shown in evidence; and to such special plea the plaintiff shall reply, and the pleading shall proceed to issue."

The first word of Code Section 8767 is the disjunctive "or", and, as is apparent, the word is used to refer back to Code Section 8766. The natural meaning of the word when so used is to mark an alternative between the two matters being dealt with. There is nothing in the context which would justify a departure from this natural meaning. It seems to follow, therefore, that the use of the word "or" with which Code Section 8767 commences necessarily implies that the general issue plea mentioned in Code Section 8766 shall not be available when the defendant is required to plead specially under Code Section 8767.

A requirement of Code Section 8767 is that in pleading specially under that section the defendant "shall state the facts relied on, truly, . . . and no matter of defense not pleaded shall be shown in evidence". If that language is given its natural meaning Mrs. Creekmore was required to expressly state all substantive facts relied on as a defense. There is nothing in the face of this code section which would justify a departure from the natural meaning of this expression. It seems to

follow necessarily that Mrs. Creekmore was required by the just quoted language in Code Section 8767 to expressly deny the allegation that she was driving the automobile at the time of the collision if she expected to interpose such denial as a defense.

Implicit in the simple and easily understood words of Code Section 8767 is the fact that when this code section is invoked the general issue plea, insofar as that suit is concerned, is abolished, and the plea of defendant must set out by certain and express averments and denials the facts relied on as a defense.

This Court has heretofore indicated by language not necessary for decision of the questions then under consideration that its construction of Code Section 8767 is that immediately hereinabove stated. In the case of *Provident Life & Accident Insurance Co.* v. *Prieto,* 169 Tenn. 124, 159, 83 S. W. (2d) 251, 264, there appears by way of dictum this statement:

"It is the object of section 8767, modifying the prior statute, to enable a plaintiff to be forewarned of every matter of defense intended to be relied on by a defendant, and to require a defendant to make explicit all matters of defense *which otherwise would be implicit in pleas of the general issue.*" (Emphasis supplied.)

The same thought is expressed, probably parenthetically in *Hammett* v. *Vogue, Inc.,* 179 Tenn. 284, 165 S. W. (2d) 577, 579 in this language:

"These statutes were enacted to simplify the issues and to prevent long, tedious, and expensive litigation to litigants, as well as save public time and expense. The court is ever anxious to know what the real issues are."

On the other hand, in *McKay* v. *Louisville & N. Railroad Co.,* 133 Tenn. 590, 593, 182 S. W. 874, 875, the Court made the observation that the defendant "by way of

defense, interposed its plea of the general issue, and, in addition thereto, a special plea, as was its right under 'Section 4637, Shan. Code'', (now Section 8767). Insofar as the case discloses, Code Section 8767 does not appear to have been involved or invoked. Nor does it appear that any question had been made as to the right of the defendant to plead both the general issue and special pleas when that code section is invoked. This statement in the McKay case should not be regarded as a precedent contrary to the construction this Court is placing upon Code Section 8767 in this case where determination of that question is necessary.

There are cases holding that ''a defendant cannot be required to plead specially facts which amount to no more than a denial of the plaintiff's averments''. 41 American Jurisprudence, page 390. When those cases are read, we think it will be found that there was not involved a practice statute containing the language of our Code Section 8767. Compare the Texas case of *Griffin* v. *Chubb,* 7 Tex. 603, 58 Am. Dec. 85. And a contrary holding is to be found in those cases where there is a practice statute similar to our practice statute carried at Code Section 8767. Read the Massachusetts case of *Mulry* v. *Mohawk Valley Ins. Co.*, 71 Mass. 541, 66 Am. Dec. 380.

For the reasons above expressed, the opinion of this Court is that when a defendant is ordered to plead specially under Code Section 8767 the general issue plea is thereby abolished insofar as that suit is concerned, and he must plead specially not only every affirmative defense upon which he expects to rely, but likewise he must specially and expressly make denial of those sub-stantive allegations of the declaration which he plans to deny as a part of his defense. Since Mrs. Creekmore

did not expressly plead a denial of the material allegation of the declaration that she was driving the car, it follows that the Court was correct in refusing to permit her to offer evidence that she was not driving the car on that occasion.

As so appropriately observed in the opinion of the Court of Appeals the conclusion reached and above stated is not only in accord with the intention of the Legislature as reflected by the language of Code Section 8767, but likewise is "according to its spirit and purpose", and in keeping with "the modern trend in pleading and practice of requiring litigants to disclose the grounds of suit or of defense".

■ The motion of plaintiff that Mrs. Creekmore be ordered to plead specially was not entered on the minutes. When, however, Mrs. Creekmore responded to the order and filed some special pleas she thereby waived any result that might otherwise have followed this omission of the order from the minutes.

■ There is also complaint as to the fact that the Judge charged the jury with reference to a speed law. We think the evidence in the record was sufficient to justify the charge, if it otherwise be considered sufficiently material to the results of this case.

The judgment of the Court of Appeals will be affirmed. All concur.