GERWIN *v.* AMERICAN NEWS CO., INC.

(*Jackson*, April Term, 1954.)

Opinion filed July 23, 1954.

JOHN R. GILLILAND, and CANALE, GLANKLER, LITTLE, BOONE & LOCH, all of Memphis, for petitioner.

E. W. HALE, JR., Memphis, for respondent.

52

Mr. Justice Tomlinson delivered the opinion of the Court.

The American News Company, Inc., occupied, as lessee, the basement of a certain building in Memphis, wherein it carried a considerable stock of merchandise. Daniel L. Gerwin, lessee of that part of the building which is above the basement, operated it as a hotel.

On April 22, 1949, water, escaping from some source, came in considerable volume into basement premises occupied by the American News Company, and substantially damaged its merchandise. It sued Gerwin on the theory that this water escaped from leaking pipes in that part of the premises occupied and controlled by Gerwin. The jury found in favor of Gerwin's insistence to the contrary. Judgment was accordingly entered, motion for new trial having been overruled. The Court of Appeals reversed and remanded. By his petition for

certiorari, which was granted, Gerwin insists that the Court of Appeals erred in so doing.

The declaration charged that this water came from leaking pipes, overflowing basins, and commodes in that part of the premises which was under the control of Gerwin, and resulted from negligence upon his part. In response to an order requiring him to plead specifically his defenses in accordance with the provisions of Code Section 8767, Gerwin's plea was that plaintiff's basement was not "flooded with water coming from the premises occupied by" Gerwin.

During the course of the trial, and over the objection of American News Company, Gerwin introduced evidence to the effect that this water came from a city water pipe which was broken at a point in the street adjacent to the basement store of the American News Company. The insistence made by American News Company in all the Courts is that it was error to admit this evidence because Gerwin had not specially pleaded as a defense that the water came from a broken water pipe of the city; hence, that the evidence was incompetent under the express mandate of Code Section 8767 providing that on motion of plaintiff the defendant shall

"be ordered to plead specially his defenses, in which case he shall state the facts relied on, truly, and briefly as may be, and no matter of defense not pleaded shall be shown in evidence".

It was the opinion of the Court of Appeals that the case is ruled by *Creekmore* v. *Woodard,* 192 Tenn. 280, 241 S. W. (2d) 397; hence that it was reversible error to admit, at Gerwin's instance, evidence that the water came from a broken pipe under the control of the city, that particular fact, if it be a fact, not having been plead by Gerwin.

 Facts material to a cause of action, or to a defense of such a cause, are of two kinds, to wit, (1) ultimate facts and (2) probative facts. Ultimate facts are those essential to the maintenance of the cause of action, or determinative as a successful defense. 71 C. J. S., Pleading, Sec. 12, p. 33. Probative facts "are merely matters of evidence required to prove the ultimate facts". 71 C. J. S., Pleading, Sec. 12, p. 34.

 It is a fundamental rule of pleading that ultimate facts, as above defined, must be plead, but that which is mere evidence to establish the ultimate fact (probative facts) should not be plead. There is nothing upon the face of Code Section 8767 indicating an intent to so revolutionize pleadings as to require the pleader to plead evidence that tends to establish the ultimate fact. Hence, when Code Section 8767 required the defendant to "state the facts relied on" as a defense it clearly referred to ultimate facts, but not evidence which tended to establish such ultimate facts.

In *Creekmore* v. *Woodard,* supra, an ultimate fact, that is, a fact essential to the maintenance of the cause of action against Mrs. Creekmore was that she was driving the automobile at the time of the collision.

Code Section 8767 having been invoked, Mrs. Creekmore was required to plead specially her defense. If it was her defense that she was not driving the car, then it became her duty under that Code Section to so plead. Having failed to so plead, she was prohibited by this Code Section from offering any evidence tending to establish such defense. When she proposed to offer testimony that her brother was driving the car on the occasion in question she was thereby proposing to offer evidence of a defense which she had not plead. To have admitted that evidence

would have been a violation of that provision of this Code Section providing that "no matter of defense not pleaded shall be shown in evidence".

In the case at bar the defense of Gerwin is that the water which flooded plaintiff's store did not come from the premises of defendant Gerwin. He plead specially that defense. Evidence that this water came from the city's broken water pipe is, ipso facto, evidence to support the defense that it did not come from Gerwin's premises. It was, therefore, competent evidence to establish the defense specifically plead by Gerwin, since Code Section 8767 does not require the defendant to plead the evidence which he intends to offer in support of the defense plead. It follows that the Trial Court properly permitted this evidence to go to the jury.

The judgment of the Court of Appeals will be reversed and that of the Circuit Court affirmed with costs adjudged against the American News Company and its surety.

SWEPSTON, Justice, did not participate herein.