74

HOMER BELCHER, Plaintiff in Error.

*v.*

TENNESSEE CENTRAL RAILWAY COMPANY, Defendant in Error.

377 S.W.2d 928

(*Nashville,* December Term, 1963.)

Opinion filed April 8, 1964.

Louis Chambers, David M. Harrison, Jr., Lebanon, for plaintiff in error.

William D. Baird, Willard Hagan, Lebanon, George M. Kevlin, Philadelphia, Pa., for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

This is an action for personal injuries brought by the plaintiff in error, Homer Belcher, against the defendant in error, Tennessee Central Railway Company, The parties hereinafter will be referred to according to their status in the Trial Court. The defendant filed a demurrer to plaintiff's declaration which was sustained by the Trial Judge. The plaintiff has perfected his appeal to this Court and filed assignments of error.

The declaration is in three counts. Count One of the declaration alleges in substance that on August 10, 1961 the plaintiff, as an employee of a subcontractor, was operating a tractor with a backhoe on one end and a bucket on the other, that he was digging a trench across State Highway 26 with the backhoe at a point about ½ miles west of the corporate limits of Watertown, Tennessee, where the defendant's railroad tracks cross Highway 26 at an oblique angle and run practically parallel with the highway, that at this place the defendant's tracks are within a few feet of the hard surface of the highway; that, while thus digging a trench across the highway within a few feet of the railroad crossing, a locomotive and train of cars of the defendant going toward Watertown negligently, carelessly and unlawfully ran into the bucket on the machine being operated by plaintiff and turned the tractor over, inflicting injuries on the plaintiff. It is alleged that the accident occurred between 9:30 and 10:00 o'clock A.M., that the defendant maintained signal lights at the crossing for the purpose of notifying the public of the approach of trains, that the defendant's tracks curved west of the crossing and there was undergrowth between the highway and the tracks, making it difficult for people on the highway where plaintiff was east of the crossing to see trains approaching the crossing from the west. The declaration alleges the defendant was guilty of the following acts of negligence which proximately caused the accident and resulting injury to the plaintiff:

"(1) That the defendant railway company was driving and operating its locomotive and train of cars at a fast, reckless and dangerous rate of speed. That the train was traveling so fast that it did not stop after

the accident, until it had traveled about one-half mile to or near the corporate limits of Watertown, Tennessee.

"(2) That the defendant's electric signals or lighting system at said crossing did not work and did not give plaintiff notice and warning of the approach of the defendant's locomotive and train of cars. That defendant had a right to rely upon the notice to be given him by said lighting and signal devices at said crossing, and the same did not operate or function and give him said notice.

"(3) That defendant's locomotive and train of cars was not being operated, at the time of the accident, with reasonable and proper care and circumspection.

"(4) That the defendant's crew did not blow the whistle of the locomotive and ring its bell and give the proper notice of the approach of its fast moving train, so that plaintiff would have notice thereof and move the backhoe and bucket so that it would not be struck by defendant's locomotive and train of cars."

Count Two of the declaration adopts the averments of Count One and alleges the defendant violated Subsection (3) of T.C.A. sec. 65-1208, which provides that on approaching a city or town, the bell or whistle shall be sounded when the train is at a distance of one mile and at short intervals till it reaches its depot or station.

By Count Three of the declaration, plaintiff alleges a violation of Subsection (4) of T.C.A. sec. 65-1208 and pleads T.C.A. sec. 65-1209, as amended by Chapter 130 of the Acts of 1959. Subsection (4) of T.C.A. sec. 65-1208 provides that every railroad company shall keep the en-

gineer, fireman, or some other person upon the locomotive always upon the lookout ahead; and when any person, animal or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident. T.C.A. sec. 65-1209, as amended, makes the violation of any of the provisions of Section 65-1208 negligence per se and provides that the burden of proof on the issue of proximate cause and on the issue of contributory negligence shall be tried in the same manner and with the same effect as in the trial of other negligence actions under the common law in this state. This count of the declaration alleges:

"that it (the defendant) did not keep the engineer or fireman or some other person on the locomotive always on the look-out ahead, and that when the backhoe and bucket thereon appeared as an obstruction upon the railroad track or within striking distance thereof, the alarm whistle was not sounded, the brakes were not put down and every possible means employed by the train crew to stop the train and prevent the collision and accident."

Plaintiff, in this count, further alleges that the violation of this statute was a proximate cause of the accident and resulting injury to the plaintiff.

 It is well settled in Tennessee that, when the sufficiency of a pleading is challenged by demurrer, the following rules are applicable:

A demurrer admits only facts that are well pleaded and reasonable inferences of fact but not deductions, inferences and conclusions of law. *In re Eppinger's Estate,* 207 Tenn. 53, 57, 336 S.W.2d 28, 30.

Mere allegations of legal conclusions without stating the ultimate facts are not admitted by a demurrer. *Cotton Oil Company v. Shamblin,* 101 Tenn. 263, 47 S.W. 496; *Crockett v. McLanahan,* 109 Tenn. 517, 72 S.W. 950, 61 L.R.A. 914; *Ashworth v. Carnation Company,* 190 Tenn. 274, 229 S.W.2d 337.

Every reasonable intendment must be made in favor of a pleading when it is challenged by demurrer. *Jackson v. B. Lowenstein & Bros., Inc.,* 175 Tenn. 535, 136 S.W.2d 495. *Henderson v. Lawrence,* 212 Tenn. 247, 369 S.W.2d 553.

By statute in Tennessee, T.C.A. sec. 20-702: ''Any pleading possessing the following requisites is sufficient: (1) When it conveys a reasonable certainty of meaning; (2) when, by a fair and natural construction, it shows a substantial cause of action or defense.''

In *Gerwin v. American News Co.,* 197 Tenn. 51, 54, 270 S.W.2d 354, 356, the Court stated:

''Facts material to a cause of action, or to a defense of such a cause, are of two kinds, to-wit, (1) ultimate facts and (2) probative facts. Ultimate facts are those essential to the maintenance of the cause of action, or determinative as a successful defense. * * * Probative facts are 'merely matters of evidence required to prove the ultimate facts'. * * *

''It is a fundamental rule of pleading that ultimate facts, as above defined, must be plead, but that which is mere evidence to establish the ultimate fact (probative facts) should not be plead.''

The three elements necessary to the existence of a cause of action for negligence are: (1) a duty of care

owed by the defendant to the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury to the plaintiff proximately resulting from the defendant's breach of that duty of care.

The fact that the plaintiff, under the averments of the declaration, may have been a trespasser does not relieve the defendant of a duty of care not to cause injury to him. This Court, speaking through Mr. Justice Lurton, in *Patton, Adm'r, v. Railway Company,* 89 Tenn. 370, 15 S.W. 919, 12 L.R.A. 184, stated:

"A railway company in the operation of its trains owes a duty to trespassers without regard to our statute. 'The rule is,' says Mr. Wood, after a consideration of this subject in the light of the decisions, 'that a railway company is bound to keep a reasonable lookout for trespassers upon its track, and is bound to exercise such care as the circumstances require to prevent injury.' " 376, 377 of 89 Tenn., 921 of 15 S.W., 12 L.R.A. 184.

"Obviously, if a person is seen upon the track, and so near as to be apparently in danger, the duty of the company, irrespective of the statute, would be to do all that was possible to prevent an accident, by giving an alarm, and stopping the train." 374 of 89 Tenn., 920 of 15 S.W., 12 L.R.A. 184.

In *East Tennessee, V. & G. Railroad Co. v. Fain,* 80 Tenn. 35, 41, it is stated:

"The mere fact that a party is a trespasser, will not prevent him from recovering for injuries negligently inflicted by another which might have been averted by ordinary and proper prudence on the part of the latter."

Also, in *Chattanooga Station Company v. Harper,* 138 Tenn. 562, 199 S.W. 394, at page 579 of 138 Tenn., at page 398 of 199 S.W. 394, the Court, after holding the plaintiff was a trespasser, stated:

"Even under the common law it would be the duty of a railway company's servants on the engine to keep a lookout ahead, and also to have reasonable appliances, including a headlight of reasonable efficiency. It would also be the duty of such servants, on the appearance of any obstruction on the track, to use their utmost endeavors to prevent a collision. It would also be their duty to see what could be seen by a person of good eyesight, with the aid of a proper headlight, or a proper light on the back of the engine in case it were engaged in running backwards."

See also *Southern Railway Company v. Cradic,* 42 Tenn. App. 212, 222, 301 S.W.2d 374, 379.

 It is our opinion that the ultimate facts pleaded in Count One of the declaration are sufficient to allege a breach by the defendant of the duty of care owed by it to the plaintiff. *Railroad v. Davis,* 104 Tenn. 442, 448, 58 S.W. 296. The declaration further charges that the plaintiff's injury was the proximate result of the alleged breach of the duty of care owed by the defendant to the plaintiff. Therefore, we hold that the first count of the declaration states a cause of action against the defendant for negligence under the common law.

 The declaration alleges the accident happened about ½ mile west of the corporate limits of Watertown. In *Stricklin v. L. & N. R. R. Co.,* 2 Tenn.App. 141 152 and 153, and in *Nashville C. & St. L. Ry. v. Brymer,* 22 Tenn.App. 468, 472, 124 S.W.2d 261, with certiorari de-

nied by this Court in the latter case, it was held that Subsection (3) of the Statutory Precautions Act (T.C.A. sec. 65-1208) does not apply to accidents outside of the corporate limits of an incorporated town. Since the declaration shows on its face that the accident occurred outside the corporate limits of Watertown, the Trial Judge was correct in sustaining the demurrer to the second count of the declaration. See also *Illinois Central Railroad Company v. Davis*, 6 Cir., 32 F.2d 232.

■ By the third count of his declaration, the plaintiff alleges a violation of Subsection (4) of T.C.A. sec. 65-1208. Giving to this count of the declaration a "fair and natural construction", it alleges that the bucket on the end of the tractor was an obstruction upon the road within the meaning of this Code Section and that the defendant failed to observe the statutory precautions and breached the duty owed by it to the plaintiff under the statute, as a proximate result of which he was injured. This count states a cause of action under the statute.

■ This leaves for consideration the question of whether or not the declaration shows on its face that the plaintiff was guilty of proximate contributory negligence as a matter of law. If reasonable minds could differ as to whether or not the conduct of the plaintiff, as alleged in the declaration, was a proximate cause of the accident and resulting injury to him, then the question of proximate contributory negligence would be one for the jury. *Schindler v. Southern Coach Lines, Inc.*, 188 Tenn. 169, 175, 217 S.W.2d 775.

"* * * contributory negligence being a matter of defense, it was not necessary that plaintiff should allege

or prove that he was free from fault." *Railroad v. Davis,* 104 Tenn. 442, 448, 58 S.W. 296, 298.

The declaration does not allege how far the bucket on the end of the tractor that was struck was from the place plaintiff occupied on the tractor or where plaintiff was with reference to Highway 26 when the bucket was struck.

The declaration does allege that, because of the curve in the track west of the crossing and because of the undergrowth between the highway and the track, it was difficult for a person on the highway to see trains approaching from the west at this point. Making every reasonable intendment in favor of the declaration, as we must do when it is challenged by demurrer, the declaration does allege that the defendant had placed lighting and signal devices at the crossing a few feet from where plaintiff was working in the road, that plaintiff relied upon the crossing signal lights to give him notice of the approach of a train and that these lights failed to function and give plaintiff notice of the approaching train.

In holding that the issue of contributory negligence on the part of the plaintiff was one for the jury, under a common law count, this Court, in *Gaines v. Tenn. Cent. Ry. Co.,* 175 Tenn. 389, 396, 135 S.W.2d 441, 443, stated:

"* * * The rule in case of an absent flagman was announced by this court in *Tennessee Cent. Railroad Co. v. Gilbert,* 131 Tenn. 201, 174 S.W. 812. That rule is in substance that a traveler is not entitled to rely solely upon the absence of the flagman as an indication of safety, yet such absence tended to blunt the edge of caution and that under all the circumstances of the particular case it was for the jury to say, the traveler having observed the absence of the flagman, whether

he was to be excused from further looking or listening for an approaching train.

"This rule is quite generally said to prevail in cases where an automatic crossing signal fails to function, just as we have applied it in *Southern Railroad Co. v. Penley*", 175 Tenn. 380, 134 S.W.2d 177.

The nature and extent of the lookout, if any, for trains which plaintiff was maintaining while the bucket on the front of the tractor was an obstruction on the road is not alleged in the declaration, nor, as stated above, is it required of the plaintiff that he allege the precautions, if any, he was taking for his own safety.

The declaration does not allege the length of time the bucket has been an obstruction on the road except to allege that it was such an obstruction for sufficient time to invoke the statute.

In *Nashville, C. & St. L. Railroad v. Parks*, 136 Tenn. 367, 189 S.W. 695, the Court, at page 370 et seq., of 136 Tenn., reviews a number of the Tennessee cases dealing with the duty of a traveler to exercise the precaution of looking and listening before going upon railroad tracks. Under the rules recognized in that case, we are unable to say, in the light of unusual circumstances alleged in the declaration in the case at bar, that the facts pleaded by the plaintiff require a finding that he was guilty of proximate contributory negligence. The averments of the declaration are not so inconsistent with the exercise of due care by the plaintiff as to permit a determination of the issue of proximate contributory negligence upon demurrer. Only after the probative facts have come into the record can it be determined whether or not the issue

86

of contributory negligence is one to be decided by court or an issue to be decided by the jury.

 Since the plaintiff is not required to plead the absence of proximate contributory negligence on his part, the declaration does state a cause of action. It results that the judgment of the Trial Court sustaining the demurrer as to Counts One and Three of the declaration is reversed and the cause is remanded to the Trial Court for further proceedings.