James Arthur Womble, Petitioner,

*v.*

Lula Walker, Respondent.

390 S.W.2d 208.

(*Jackson,* April Term, 1965.)

Opinion filed May 7, 1965.

Thomas F. Johnston, Memphis, Armstrong, McCadden, Allen, Braden & Goodman, Memphis, of counsel, for petitioner.

MARGARET WILKINSON, Memphis, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action for damages for personal injuries. brought by a pedestrian against the driver of an automobile that struck the pedestrian. In the Trial Court there was a jury verdict for the defendant which was approved by the Trial Judge. The case was appealed by plaintiff to the Court of Appeals. That Court reversed the Trial Court, holding that the Trial Judge committed reversible error in allowing the defendant to amend his special pleas and plead the defense of sudden emergency. We have granted certiorari and the case has been argued at the bar of this Court.

The record shows without conflict that about 5:50 P.M., the defendant, Womble, was driving his automobile in an easterly direction on Central Avenue in the city of Mem-

phis, that Grandview Street intersects Central Avenue from the south, making a "T" intersection, and does not extend northward beyond Central. Central Avenue at this point is 40 feet 6 inches wide, with four traffic lanes —two for eastbound traffic and two for westbound traffic. The defendant was driving in the inside lane for eastbound traffic immediately south of the center line of Central Avenue. The plaintiff, Lula Walker, was crossing Central Avenue from the south to the north at or near this intersection. Eastbound traffic on Central reaches the top of a hill at a point approximately 150 feet west of Grandview. There is then a downgrade for eastbound traffic to the intersection. There are no traffic control lights at this intersection.

The declaration of the plaintiff alleges the defendant was guilty of the following acts of common law negligence:

(1) He was driving at a reckless and dangerous rate of speed under the circumstances.

(2) He was not keeping a proper lookout ahead.

(3) He did not have his automobile under proper control.

(4) The brakes of his vehicle were not in good working order or properly adjusted.

(5) His vehicle was not being driven on the right side of the street for eastbound traffic.

(6) He failed to yield the right-of-way to a pedestrian in the lawful use of the street and did not use all reasonable means to avoid the accident when he saw, or, by the exercise of reasonable care, should have seen plaintiff attempting to cross the street.

The declaration further alleges the violation of the following statutes by the defendant:

T.C.A. sec. 59-834 (Pedestrians' right-of-way in crosswalks)

T.C.A. sec. 59-858 (Reckless driving)

T.C.A. sec. 59-815(a) (Driving on right side of roadway)

T.C.A. sec. 59-916, subd. 1 (Brakes)

T.C.A. sec. 59-917 (Performance ability of brakes)

The declaration also alleges the defendant violated certain ordinances of the City of Memphis which are based upon the above statutes.

To this declaration, pursuant to Court order, the defendant filed special pleas, in which he denied being guilty of any of the acts of negligence alleged in the declaration against him, including acts of negligence under the common law, under the statutes alleged, and under the City ordinances alleged. These special pleas of the defendant then stated:

"Further pleading, the defendant would show that at the time of the accident it was dark or approaching darkness and it was difficult to see the plaintiff, Lula M. Walker, as she attempted to cross Central Avenue at or near its intersection with Grandview from the south side of Central to the north side of Central. It is alleged that the plaintiff was guilty of negligence which proximately caused or contributed to her accident in not observing defendant's vehicle which was approaching with its headlights on, in attempting to avoid defendant's vehicle by running directly into the

path of defendant's vehicle, in not keeping a proper lookout about her, and in leaving a place of safety to quickly move into the path of defendant's vehicle.''

In the special pleas, the defendant further averred that the plaintiff violated the Memphis city ordinance which is based on T.C.A. sec. 58-834(b) and provides that no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield, and the defendant pleaded the Memphis city ordinance relating to the right-of-way of a pedestrian, which ordinance is based upon T.C.A. sec. 59-835(a).

On the trial the plaintiff, Lula Walker, testified that she was three-fourths of the way across Central Avenue when struck, that she never did see the car that struck her, or its lights, and did not hear the sound of brakes being applied.

The defendant, Womble, testified that he first saw plaintiff ''just after I came over the rise there.'' He stated he was driving approximately 35 miles an hour and that his headlights were on. The record shows the accident occurred in a 40 mile speed zone. He testified at the time he first saw plaintiff she was just entering the south side of Central Avenue, and he did not think she was going to continue into the inside traffic lane for eastbound traffic. He further testified, ''I thought she would stop and either stay where she was or turn around and go back in the other way. Instead of that, she ran back north.'' He stated he was approximately 150 feet from the plaintiff when he saw her enter the south side of Central Avenue. The defendant further testified that, when the plaintiff was approximately at the south edge of the inside traffic lane for eastbound traffic, ''she made a run and I put my

brakes on and turned to the left at approximately the same instant." He further stated that he felt he could avoid hitting her by turning to the left, that there was no westbound traffic on Central at this time, that, from the position of the plaintiff and the position of defendant's car, his judgment was that the best way to avoid the accident was to cut to his left sharply and apply his brakes hard. He stated that the right corner of his bumper struck the plaintiff just about in the area of his right front headlight. He fixed the point of impact in the street by the following testimony.

"Q. Was she north or south of the center line; was she on the center line?

"A. South of the center line.

"Q. How far south of the center line, approximately?

"A. I would say three or four feet. Because if I could have gotten over another foot, I would have missed her completely."

The trial of the case in the Circuit Court began October 7, 1963. All of the testimony was heard that day except a part of the testimony of the defendant, Womble, and the testimony of one of his witnesses. The trial was concluded on October 8, 1963, and the jury verdict for defendant returned that day. By order signed by the Trial Judge and dated by him October 7, 1963, the defendant was permitted to amend his special pleas "to set forth a defense of sudden emergency to which plaintiff excepts." This order was entered on the Minutes of the Court on October 8, 1963. It was the action of the Trial Judge in allowing this amendment that the Court of Appeals held was reversible error. The bill of exceptions does not reflect at what stage of the proceedings the application to

amend the special pleas was made. Since the order allowing the amendment is dated by the Trial Judge October 7, 1963, we can only conclude that the application was made sometime during that day. No objection was made to any of the testimony of the defendant upon the ground that it embraced matter of defense not pleaded in the special pleas. The order requiring special pleas was entered pursuant to T.C.A. sec. 20-921, which provides:

"Pleading defenses specially.—Or he may on motion of plaintiff, entered of record, be ordered to plead specially his defenses, in which case he shall state the facts relied on, truly, and briefly as may be, and no *matter of defense not pleaded shall be shown in evidence;* and to such special plea the plaintiff shall reply, and the pleading shall proceed to issue." (Emphasis supplied.)

The Court of Appeals recognized the general rule that wide discretion is vested in the Trial Judge in granting or refusing amendments during the course of a trial, but, in its opinion, stated:

"* * * However, we think the facts of this case are so unusual as to take it out of the general rule."

We do not find the testimony of the defendant to be completely at variance with the defenses stated in the special pleas as did the Court of Appeals. That Court stated that at the time defendant drew his special pleas:

"He knew that the plaintiff had reached the center line of Central Avenue and was in the north or westbound traffic lane at the time she was struck by his automobile and yet by his special plea he denied the allegation in plaintiffs' declaration that she had reached a point 20 feet south of the north curb of Central Avenue which point was the middle of Central Avenue at the time

she was struck. The defendant, by his special plea, denied driving his automobile on the wrong side of Central Avenue.''

As pointed out in the quotation above from defendant's testimony at the trial, he fixed the point of impact as being three or four feet south of the center line of Central Avenue. We find no variance between the averments of the special plea and the testimony of the defendant as to the point of impact. With reference to driving on the wrong side of the street, the special pleas of the defendant denied generally the acts of negligence alleged. With reference to the State Statutes, the special pleas of the defendant denied ''that he violated any provision of the Tennessee Code which proximately caused or contributed to plaintiff's alleged injuries and damages.'' His testimony was that he was driving in the inside lane for eastbound traffic until about the time plaintiff began to run and then he cut sharply to his left in an effort to avoid the accident. We fail to find his testimony inconsistent with his special pleas in this respect.

In the defendant's special pleas, he expressly stated that the plaintiff was guilty of proximate contributory negligence ''in attempting to avoid defendant's vehicle by running directly into the path of defendant's vehicle'' and ''in leaving a place of safety to quickly move into the path of defendant's vehicle.'' The testimony of the defendant at the trial is completely consistent with these averments of his plea.

With reference to the statement in the special pleas that ''at the time of the accident it was dark or approaching darkness and it was difficult to see plaintiff'' all parties seem to be in agreement that at the time of the accident it was dark or ''dusk dark''.

As stated, no objection was made to the testimony of the defendant with reference to the facts surrounding the accident in the Trial Court. T.C.A. sec. 20-921 provides that ''no matter of defense not pleaded shall be shown in evidence.'' In both *Creekmore v. Woodard,* 192 Tenn. 280, 241 S.W.2d 397, and in *Gerwin v. American News Company,* 197 Tenn. 51, 270 S.W.2d 354, in which this Court had occasion to construe our statute providing for special pleas, there was objection to the testimony offered upon the ground that the offered testimony related to matter of defense not pleaded in the special pleas.

Here, if it was necessary for the special pleas to be amended in order to set up the defense of sudden emergency, the Trial Court in allowing the amendment was simply allowing an amendment to conform to the proof which had been introduced at the trial without objection. We think, in allowing the amendment, it cannot be said that the Trial Judge abused his discretion.

T.C.A. sec. 20-1505 gives to the Trial Court power ''to allow all proper averments to be supplied, upon such terms as to continuances as the court, in its sound discretion, may see proper to impose.'' The scope of the rule relating to the discretion of a Trial Judge in allowing or disallowing amendments was quite recently stated by the Court in *Daniels v. Talent,* 212 Tenn. 447, 370 S.W.2d 515, to be:

''Trial judges have a broad discretion in matters of amendment. *State ex rel. Chanaberry v. Stookesbury,* 176 Tenn. 687, 145 S.W.2d 775. The matter of allowing amendments under our statutes is within the discretion of the Court and these amendments may be allowed at any stage in the proceedings before a case is finally submitted to the jury or at any time before judgment.

*Hunt v. Foley,* 9 Tenn.App. 96." 212 Tenn. at 462, 370 S.W.2d at 522.

This same rule was stated by the Court of Appeals, with certioriari denied by this Court, in *Caccamisi v. Thurmond,* 39 Tenn. App. 245, 282 S.W.2d 633, as follows:

"In any case, the allowing or refusing an amendment to pleadings is within the sound discretion of the Court and will not be reversed unless that discretion is abused; such discretion has been seldom adversely reviewed on appeals; and it will be presumed that allowing or refusing an amendment was done in the exercise of legal discretion, in the absence of a showing to the contrary." 39 Tenn.App. at 267, 282 S.W.2d at 644.

The plaintiff did not ask for a continuance or for any other relief, so far as the record shows, when the defendant was granted leave to amend his special pleas. No rebuttal proof was offered by the defendant. In what way, if any, the evidence offered by the plaintiff would have been different had the defense of sudden emergency been expressly pleaded when the special pleas were filed, is not shown. The only witnesses as to the facts of the accident offered by the plaintiff were the plaintiff and a police officer who arrived at the scene after the happening of the accident and made an investigation.

■ In our judgment, the record in this case does not show an abuse of discretion upon the part of the Trial Judge in allowing the amendment. The Trial Judge fully and accurately charged the jury on the law relating to the sudden emergency doctrine. He told the jury that whether or not the defendant was confronted with a sudden emergency was a question of fact to be determined by

them. He further told the jury that if they found that the defendant was guilty of negligence that caused, or contributed with the negligence of another to cause, the emergency, then the defendant would not be entitled to the benefit of the doctrine of sudden emergency and that this doctrine would be available to the defendant only if the jury found that a sudden emergency existed and that the defendant was guilty of no negligence creating that emergency. He then stated the sudden emergency doctrine to be:

"If the defendant exercised his best judgment as the sudden emergency arose and made such a choice as a reasonably prudent person, placed in such position, might make, and although he violated the common law or violated the state statute or city ordinance which he is alleged to have violated, then he would not be guilty of negligence."

No complaint was made in the motion for a new trial or in the assignments of error in the Court of Appeals relating to the substance of the Trial Judge's charge on the sudden emergency doctrine. The jury was clearly told that the defendant was not entitled to the benefit of that doctrine if he was guilty of negligence which contributed to bring about the emergency.

The only other assignment of error in the Court of Appeals was that there is no evidence to support the verdict of the jury. The Court of Appeals quite properly overruled this assignment. Under the proof in this case, the issues of negligence, contributory negligence, and proximate cause presented questions of fact to be determined by the jury under a charge of the applicable law by the Court.

Since the Trial Judge did not abuse his discretion in allowing the amendment to the special pleas in this case, the judgment of the Court of Appeals is reversed and the judgment of the Trial Court is reinstated.