Reginald Leon **GARNER**, a minor by his mother and next friend, Bossie Mae Garner, and Bossie Mae Garner, Individually, Plaintiffs-Appellants,

v.

**MISSOURI–PACIFIC LINES**, Defendant-Appellee.

No. 18738.

United States Court of Appeals
Sixth Circuit.

April 10, 1969.

John R. McCarroll, Jr., Hardison, Robertson, Harkavy & McCarroll, Memphis, Tenn., for appellants on brief.

G. Wynn Smith, Jr., Canada, Russell & Turner, Memphis, Tenn., for appellee on brief.

Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Circuit Judge.

This case arose as a result of an injury to a thirteen-year old boy who fell beneath a freight train in Memphis, Tennessee. The railroad moved for summary judgment under Rule 56, Fed.R. Civ.P. Appellant, who sues by his mother as next friend, moved for a dismissal of the action without prejudice under Rule 41(a) (2), Fed.R.Civ.P. The District Court denied appellant's motion to dismiss and granted summary judgment

to the railroad. For the reasons set out below, we reverse the summary judgment and remand the case for further proceedings.

Appellant, along with several other boys, "hopped" a ride for a short distance on one of the railroad's slow-moving freight trains. In attempting to jump off the train, appellant slipped and fell beneath the car's wheels, sustaining serious injuries.

Jurisdiction is based on diversity of citizenship. Tennessee law controls. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Appellant's complaint alleged, in part, that the railroad tracks in the vicinity of the Gooch's park in Memphis were used as a playground by children of tender age; that these children frequently jumped on the trains to ride for short distances; that this was a common practice well known to the railroad and had existed for a long period of time prior to the accident; that the failure of railroad employees at any time to discourage the children from playing in the area of the trains or on the trains constituted an invitation to dangers which were or should have been recognized by the railroad; that the railroad took no precautions to provide or guard against children coming on or about the tracks when trains were in the area or to protect the children from injury; and that the failure of the railroad to take reasonable steps to protect children was the proximate cause of the accident. These allegations were denied by the railroad in its answer.

Depositions were filed, the most significant being that of the injured appellant. The youth stated that he knew it was dangerous to jump on and off the trains.

In granting summary judgment the District Court relied heavily on Union Railway Co. v. Williams, 187 F.2d 489 (6th Cir.). That case involved an almost identical set of facts on the same railroad where the accident occurred in the present case.[1] In *Williams* this Court held as a matter of law that the plaintiff could not recover for his injuries.

The decision in *Williams* represented a correct application of the law of Tennessee at that time as interpreted by this Court. The controlling law in the present diversity case, however, must be found in the decisions of the appellate courts of Tennessee and not in prior decisions of this Court. In view of subsequent developments in the Tennessee law of tort liability with respect to children, it is entirely possible that the rule applied by this Court in *Williams* may no longer be controlling. Pardue v. City of Sweetwater, 54 Tenn.App. 286, 290, 390 S.W.2d 683, citing Restatement of Torts § 339; Gatlinburg Construction Co. v. McKinney, 37 Tenn.App. 343, 263 S.W.2d 765. The present stage of development of Tennessee law in this area is not entirely clear. Birdsong v. City of Chattanooga, 204 Tenn. 264, 319 S.W.2d 233; 7 Vand.L.Rev. 966; 12 Vand.L.Rev. 1359; cf. Belcher v. Tennessee Central Railway Co., 214 Tenn. 74, 377 S.W.2d 928. We are convinced, however, that the record in the present case presents genuine issues of material facts and that the District Court erred in granting summary judgment. Rogers v. Peabody Coal Co., 342 F.2d 749 (6th Cir.).

We hold that the District Court did not abuse its discretion in refusing to permit plaintiff to dismiss this action. This was a matter within the sound discretion of the District Court. Rule 41(a) (2), Fed.R.Civ.P. Our reversal of the summary judgment and remand of the case is without prejudice to the right of the District Court to reconsider on remand the motion for voluntary dismissal. Appellant states in his brief that he desires to file another suit against the railroad in a Tennessee State court and to make the engineer, who is a

1. Union Railway controlled the tracks at the time of the decision in *Williams* in 1951. Missouri-Pacific controlled the tracks at the time of the accident in the present case.

resident of Tennessee, a party defendant. If done according to law, this obviously would destroy diversity of citizenship and preclude removal of the action to federal court. The Tennessee saving statute, T.C.A. § 28–106, would authorize the timely filing of a new suit in State court. Jamison v. Memphis Transit Management Co., 381 F.2d 670, 677 (6th Cir.). Although we leave this matter to the sound discretion of the District Court, there would be an obvious advantage in having these issues determined by State courts, especially in view of the uncertainty of current Tennessee case law in this area.

Reversed and remanded.