Woodrow Hastings and Robert H. Heffelfinger, d/b/a
Merrymobile Ice Cream Company, Petitioners,

*v.*

Zanda Smith, By Next Friend, Hugh D. Smith,
Respondent.

Woodrow Hastings and Robert H. Heffelfinger, d/b/a
Merrymobile Ice Cream Company, Petitioners,

*v.*

Hugh D. Smith, Respondent.

443 S.W.2d 436.

(*Jackson,* April Term, 1969.)

Opinion filed June 23, 1969.

RALPH HOLT and JOE D. SPICER, Memphis, for petitioners; HOLT, BATCHELOR, TAYLOR, SPICER & HOFFMAN, of counsel.

CHARLES C. BURCH, Memphis, for respondents.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

These consolidated suits arose out of an accident in which Zanda Smith was seriously injured when struck by an automobile owned by Clifford Dew and operated at the time by his wife, Clarabel R. Dew.

Originally the suits sought damages against Hastings, Heffelfinger and the Dews. Zanda sought damages for personal injuries and her father sought recovery of hospital and medical expenses incurred as a result of the accident and injuries to Zanda.

At the conclusion of all the proof, the trial judge directed a verdict for defendants, Hastings and Heffelfinger. Plaintiffs took nonsuits as to the defendants, Mr. and Mrs. Dew.

Plaintiffs appealed their cases against Hastings and Heffelfinger to the Court of Appeals. The Court of Appeals, in a two-to-one opinion, reversed the trial judge

and remanded the cases. Judge Bejach dissented. We have granted certiorari and the matter has been very ably argued at the bar of this Court.

On the occasion of the accident, August 24, 1966, at approximately five thirty P.M., Zanda was almost five years of age. She resided with her parents on Haleville Road in Shelby County.

At the time, defendant, Heffelfinger, doing business as Merrymobile Ice Cream Company, was engaged in the business of vending ice cream from vehicles known as Merrymobiles. Hastings was an employee of Heffelfinger as an operator of a Merrymobile for the purpose of dispensing ice cream to customers in residential sections of Selby County. He customarily canvassed the Haleville Road area between four P.M., and five P.M., each day so his arrival would be anticipated by customers.

A short time prior to the accident, he was driving the Merrymobile along Haleville Road in a northerly direction. As he traveled the road he rang a bell attached to the vehicle to attract customers.

The general topography of the area where the vehicle was parked and the accident occurred is shown by exhibits in the record. Haleville Road is approximately twenty feet wide and runs generally north and south. Haleville Road intersects on a crest of a hill with Butterworth.

Hastings parked the vehicle about sixty feet south of the intersection on the east side approximately three feet from the center line of Haleville Road directly across the road from the Smith home. There is another hill which crests about seven hundred feet south of the intersection of Haleville and Butterworth.

Zanda and her sister, Twanda, were playing at the home of a young friend in the neighborhood at the time. Twanda ran to the Merrymobile. Zanda ran home and asked her mother for some money to purchase a pop-sicle but was told she could not have one because she had had one earlier in the afternoon.

Zanda then ran across the road to the Merrymobile where ten to twenty children had gathered. She asked Twanda for money, but was told she had spent all of hers. She suggested that Zanda go to her mother for money. Zanda ran into the road and was struck by the car driven by Mrs. Dew. At the time, Hastings was dispensing ice cream and had his back to the car.

Mrs. Dew was traveling in a northerly direction when her car struck Zanda.

Plaintiffs' declarations are in two counts. The first is a common law count in which it is charged defendants having invited children of tender years to purchase ice cream from the vehicle parked in the roadway knew, or should have known, such children, due to their reckless propensities, would cross the road to reach and leave the vehicle; and that they were onerated with the duty to maintain a lookout and warn children of approaching traffic.

The second count charges a violation of T.C.A. Section 59-859 which prohibits stopping, standing or parking vehicles in roadways outside of business or residential districts.

The Court of Appeals held the trial judge erred in refusing to submit the cases to the jury on both counts.

Defendants insist in this Court it was reversible error for the Court of Appeals to reverse the action of the

trial judge and remand the cases for a new trial. To support this insistence it is argued these defendants owed no duty to plaintiffs which they breached; that they were not guilty of any negligence which was a direct and proximate cause of the injuries sustained by plaintiff, Zanda Smith; and that the action of the minor plaintiff in crossing Haleville Road and the operation of the car by Mrs. Dew were the proximate causes of the accident and injuries.

The three necessary elements of a cause of action are a duty of care owed by defendant to plaintiff, failure on the part of defendant to perform that duty and injury to plaintiff proximately resulting from defendant's breach of duty of care. *Belcher v. Tennessee Central Railway Company*, 214 Tenn. 74, 377 S.W.2d 928 (1964).

In determining proximate, or legal, causation, it must first be determined whether there was any negligence. *Lancaster v. Montesi*, 216 Tenn. 50, 390 S.W.2d 217 (1965).

If injury to plaintiff could have been foreseen or anticipated by defendant, then there is a duty to use care and negligence may be established. *Lancaster v. Montesi*, supra.

"Moreover, if the defendant could have foreseen that some harm of like general character might result to plaintiff from defendant's acts and that the injury was within the reasonable range of the risk created by such acts a duty exists." *Lancaster v. Montesi*, supra.

When it is established defendant owed a duty to plaintiff and defendant negligently breached that duty,

the ultimate question is whether the negligence of defendant was a proximate or legal cause.

"The negligent act of defendant, to be the legal cause of plaintiff's injuries, need not be the sole cause. It is sufficient if such act was a substantial factor in causing the harm.

"However, there may be conduct, either by plaintiff or a third party, of such nature as to break the chain of causation between defendant's act and the harm, and so relieve the defendant of liability. Such conduct is known in the vernacular of the law as an independent, intervening cause." *Lancaster v. Montesi,* supra.

"An intervening cause is one which comes into active operation in producing the result after the actor's negligent act or admission has occurred.

"The defendant ordinarily will not be relieved of liability by an intervening cause which could reasonably have been foreseen nor by one which is a normal incident of the risk created.

"The defendant would ordinarily be relieved of liability by an unforeseeable and abnormal intervening cause which produces a result which could not have been foreseen." Prosser on Torts (1955 Edition, Section 49); *Lancaster v. Montesi,* supra; *Brown v. Hudson,* 50 Tenn.App. 658, 363 S.W.2d 205 (1962).

■ We are of the opinion a hawker who dispenses his wares from a vehicle parked on a public road or street, having induced a child into the street, owes a duty to maintain a lookout for moving traffic and warn the child of the approach of such traffic.

"The presence of children is in itself a warning requiring the exercise of care for their safety." Prosser on Torts, Third Edition (Section 33).

"An invitor bears a duty to warn an invitee of a dangerous condition existing on a public street or sidewalk adjoining his business which, because of the invitor's special benefit, convenience, or use of the public way, creates a danger." *Schwartz v. Helms Bakery et al.*, 67 Cal.2d 232, 60 Cal-Rptr. 510, 430 P.2d 68 (1967).

See also *Mackey v. Spradlin*, 397 S.W.2d 33 (Ky. App. 1965); *Jacobs v. Draper*, 274 Minn. 110, 142 N.W.2d 628 (1966); and *Thomas v. Goodies Ice Cream Company*, 13 Ohio App.2d 67, 233 N.E.2d 876 (1968).

It is next argued on behalf of defendants the act of Mrs. Dew in striking Zanda with the automobile superseded the negligence of defendants, if any, and thus relieved defendants of liability. We do not agree.

We think it obvious if the case had been submitted to the jury on the common law count and the jury had found negligence on the part of Mrs. Dew a proximate cause of the accident, such negligence would not have been an intervening independent act superseding the negligence of defendants, if any, since it was in the realm of reasonable foreseeability.

Defendants purposely invited the children into a public way, a place of danger. It was foreseeable their lives would likely be endangered by moving traffic unless defendants undertook some precaution to prevent injuries to them. Defendants should have anticipated such an accident as did happen, with or without some degree of negligence on the part of a passing motorist, would

occur. Accordingly, proximate cause, in the instant case, is to be determined as a fact from the circumstances attending the accident.

"The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituted an efficient cause, all persons whose acts contributed to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other." *Deming and Company v. Merchants Cotton-Press and Storage Company,* 90 Tenn. 306, 17 S.W.89, 13 L.R.A. 518 (1891).

Defendants insist Zanda was not a customer; and, therefore, no duty was owed to her. While it is true Zanda was unable to obtain money to make a purchase, it is clear from the facts defendants were interested in her presence.

One of the sure tests of whether a person is a licensee or an invitee is whether the owner of the premises is interested in the presence of the visitor. *Gentry v. Taylor,* 182 Tenn. 223, 185 S.W.2d 521 (1945).

It is our opinion the Court of Appeals correctly held the trial judge was in error in directing a verdict for defendants on the common law count of the declaration and remanding the case for trial on that count.

However, we agree with defendants the Court of Appeals was in error in holding the trial judge in error in directing a verdict on the second or statutory count of the declaration.

T.C.A. Section 59-859 specifically applies outside business and residential districts. Admittedly the accident occurred in a residential district.

Accordingly, we affirm the action of the Court of Appeals in reversing the trial court as to the first or common law count and remanding the case for trial on that count. We reverse the Court of Appeals as to its action with respect to the second or statutory count and affirm the trial court.

Defendants will pay the costs of the appeal. The costs below will await the final outcome of the case.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur