EUPHEMIA LAMPLEY, Plaintiff-in-Error, v.
DONALD C. WAYGOOD and Breeding Insulation Co.,
Inc., Defendants-in-Error.

LLOYD J. LAMPLEY, Plaintiff-in-Error, v. DONALD
C. WAYGOOD and Breeding Insulation Co., Inc.,
Defendants-in-Error.—422 S.W.(2d) 708.

Middle Section. March 31, 1967.

Certiorari Denied by Supreme Court August 7, 1967.

William P. Ortale, Nashville, for plaintiffs in error.

John K. Maddin, Jr., Nashville, for defendants in error.

SHRIVER, P. J. Plaintiff, Euphemia Lampley, sued the defendants to recover for personal injuries received in an automobile accident, while her husband, Lloyd J. Lampley, sued for property damages and loss of services growing out of said accident.

In addition to the defendant, Donald C. Waygood, driver of the car belonging to Oak Motors, Inc. but rented or leased to Breeding Insulation Co., Inc., the Insulation Company and Oak Motors were made defendants. However, in the course of the trial a non-suit was entered as to Oak Motors, hence, the case was submitted to the jury against Waygood and the Insulation Company.

The two cases came on to be heard before Honorable Henry F. Todd, Circuit Judge, and a jury, and resulted in a verdict and judgment in favor of the defendants in each case.

After motions for a new trial were overruled the causes were appealed in error to this Court and assignments filed.

Plaintiffs' declarations allege that on or about March 23, 1964, Donald C. Waygood was the operator of a 1963 Ford Station Wagon belonging to Oak Motors and that he was acting as the agent or servant of defendant Breeding Insulation Co., Inc. and within the course and scope of his authority and employment at the time of the accident while, at that time, plaintiff, Euphemia Lampley, was the operator of a 1961 Falcon automobile belonging to her husband, Lloyd J. Lampley; that plaintiff was moving East on Clematis Drive toward the intersection of Davidson Drive in Nashville, Tennessee; that there are no traffic controls at this intersection; that defendant Waygood was driving the defendants automobile in a Northerly direction on Davidson Drive toward its intersection with Clematis Drive; that there is a rise in Davidson Drive approximately 100 yards South of the intersection so that a car on the South side of this rise cannot be seen from the intersection; that, plaintiff was operating her said automobile with due care for her own safety and the safety of others and as she came to said intersection she stopped, and, after entering same, defendant, Donald C. Waygood, negligently, carelessly and recklessly drove his said automobile from South on Davidson Drive over the rise, moving North at a fast and excessive speed coming into said intersection when plaintiff had almost completed crossing it, his automobile striking the right rear of plaintiffs' automobile with great force and violence inflicting the injuries complained of. It is charged that the defendant did not have his automobile under control, was not keeping a proper lookout

ahead and was driving at an excessive speed for conditions then and there confronting him and that, as a result of his negligence, the accident occurred causing the injuries complained of, setting out her injuries and the damages to the automobile, etc. It is also alleged that defendant violated T.C.A. 59-828(a) which regulates vehicles approaching or entering intersections and T.C.A. 59-853, which establishes speed zones as well as T.C.A. 59-858, which prohibits reckless driving.

To the declarations, general issue pleas of not guilty were filed and, on proper motion, the defendants filed special pleas.

The special pleas admitted the relationship of the parties and the occurrence of the accident at the time and place described and stated "It is true that the terrain is of such a nature that if an automobile were on the South side of the rise on Davidson Drive, it could not be seen from the intersection here involved." It is denied that defendant was guilty of negligence in the operation of the vehicle and it is alleged that the plaintiff failed to yield the right-of-way, was wrongfully in said intersection and denies that there was any violation of the various code sections relied on by plaintiff. It is charged that plaintiff failed to keep a proper lookout ahead, and was driving too fast under the circumstances then existing, and created an emergency by her own negligence by failing to yield the right-of-way to the defendant, and that she had the last clear chance to avoid the accident but failed to avail herself of it and failed to have her car under proper control. The pleas further charge that plaintiff violated certain sections of the Tennessee Code, to wit: Sections 59-828, 59-830 and 59-858.

## ASSIGNMENTS OF ERROR

There are two assignments of error as follows:

1. The Court erred in admitting evidence: To show that a car could be seen substantially further than 100 yards south of this intersection on Davidson Drive, from the intersection, and especially south of the rise in the road, as the defendant's special plea admits as true the plaintiff's statement in the declaration that the rise in Davidson Drive is approximately 100 yards south of the intersection and then further admits that an automobile on the south side of this rise could not be seen from the intersection.

2. The Court erred in admitting as evidence: Motion pictures of the scene to demonstrate visibility from the intersection to the south after it had clearly been established that the pavement and terrain had been changed since the accident and the pictures were taken over two years following the accident and after the changes.

In support of the first assignment counsel for the plaintiff argues that it is a well settled proposition of law that an order requiring defendant to plead specially, limits his defenses and evidence to matters placed at issue by his special plea and he must make explicit all matters of his defense by expressly denying the allegations of the declaration that he plans to deny as part of his defense at the trial. Citing T.C.A. 20-921 and several cases construing this section including Creekmore v. Woodard, 192 Tenn. 280, 241 S.W.2d 397 and State ex rel. George v. Fleming, 37 Tenn.App. 460, 264 S.W.2d 589.

It is further argued that, after a fact has once been admitted in a special plea, it cannot be inquired into or

disputed by defendant at the hearing, and it is further asserted that most pictures of reconstructed scenes or posed demonstrations are generally admissible as stated in annotation 63 A.L.R.2d 696, but only after the relevancy and accuracy of the film is adequately established.

It is earnestly argued that when defendant admitted in his special plea the distance and visibility of approximately 100 yards, the motion pictures to demonstrate such visibility and computing of time, which could have been calculated for a vehicle moving 30 miles per hour over the 100 yards distance, became irrelevant.

Counsel for defendant in answering the contention that the trial court erred in admitting motion pictures which tended to contradict what plaintiff construed to be an admission in the special pleas, point out that, specifically, the declaration alleges:

"There is a rise in Davidson Drive approximately 100 yards South of said intersection, so that a car on the South side of this rise cannot be seen from the intersection." T.R. (5).

The special plea in response to this statement in the declaration is as follows:

"It is true that the terrain is of such a nature that if an automobile were on the South side of the rise on Davidson Drive it could not be seen from the intersection here involved." T.R. (15).

T.C.A. 20-702, provides:

"Any pleading possessing the following requisites is sufficient: (1) When it conveys a reasonable certainty of meaning; (2) When, by a fair and natural construction, it shows a substantial defense."

It is argued that when reviewing the foregoing allegation of the declaration in the light of provisions of this Code Section T.C.A. 20-702, it becomes significant to observe that the plaintiff selected the term "approximately 100 yards", and makes the allegation that a car on the South side of this rise cannot be seen from the intersection.

The words "approximately 100 yards" are not equivalent to saying the rise is precisely "100 yards" South of the intersection. Also, of course, it is true that an automobile immediately beyond the rise in a roadway is not entirely obscured thereby unless the rise is of such height and is so precipitous as to hide an automobile immediately behind it, or, unless the automobile were at some indefinite distance beyond such a rise.

Thus, a reasonable construction of the language used in the Declaration and that used in the special plea is not such as to allege and admit that an automobile at a specific distance south of the intersection would be completely obscured by the rise in the road.

It is also true that, as a rule, Courts have liberally construed pleadings and the question of variance between the pleadings and proof.

As was said in Harvey v. Southern Railway Company, 50 Tenn.App. 304, 399 S.W.2d 523:

"In determining the question of variance, at least in the absence of a motion to clarify, every reasonable presumption should be made in favor of the sufficiency of the pleadings."

It is pointed out by counsel for defendants that it was the plaintiff who placed in issue the question of the dis-

tance at which a vehicle approaching said intersection from the South might be observed.

In addition to Mr. and Mrs. Lampley, both of whom testified on direct and on cross-examination with respect to the distance involved, Mr. Norris Collins, a photographer, was examined by plaintiff's counsel respecting distances as to visibility of an automobile and the crest of the rise in question.

Mr. Waygood, driver of the automobile involved in the accident, testified at length concerning the contour of the streets and the distance to the South of the intersection at which a vehicle could be seen and, in his testimony he stated that the distance at which an automobile could first be observed was 510 feet South of the intersection and there appears to have been no objection on the part of the plaintiffs to this testimony.

Counsel for defendants argue that the failure of plaintiff to object to the testimony offered by the defendants which they now insist is at variance with the special pleadings, constituted a waiver of the objection and cite Womble v. Walker, 216 Tenn. 27, 390 S.W.2d 208, as authority.

The record shows that, when the plaintiffs first raised their objection, the foregoing testimony was in the record. The defendants then moved the Court to be permitted to amend their special pleas, if such be required, but the Court was of the opinion that it was not necessary and, therefore, the amendment was not made.

The factual situation is really not at issue in respect to the two assignments of error except as applied to the rise in the road and the distances involved therein as hereinabove referred to. However, it is not inappropriate

to observe that, while Mrs. Lampley's version of the accident was that she stopped at the intersection and looked both ways but saw no approaching vehicle and proceeded across, it was the insistence of defendant, Waygood, that, as he approached the intersection, he saw the plaintiff approaching from his left while he was on her right, and it was only when he was at the intersection that he realized that she was not going to stop, whereupon, he violently applied his brakes and attempted to avoid the accident but was not successful. Defendant's position was corroborated by Mrs. Waygood and a disinterested witness, John Karl Hicks, and it is evident that the jury accepted his version of the accident.

Obviously, a jury question was involved. Plaintiffs complain that the Trial Court erred in admitting motion pictures in evidence to demonstrate visibility from the intersection in question and that this was error for two reasons, (1) that there were changes in the pavement and terrain between the happening of the accident and the taking of the motion pictures; and, (2) that over two years had elapsed between the time of the accident to the taking of the pictures.

It is argued by counsel for defendants that plaintiff did not object to the evidence at the proper time and in the proper manner and that there was no ground assigned in the motion for a new trial that would support the second assignment.

The authorities generally support the proposition that, subject to limitations applicable to photographs, motion pictures are admissible in evidence and the introduction of photographs rests generally in the sound discretion of the Trial Judge. See Management Services,

Inc. v. Hellman, 40 Tenn.App. 127, 289 S.W.2d 711; Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6. The question whether a photograph is helpful or instructive to the jury on any material issue in the case, is generally a preliminary question to be determined by the Trial Judge, and the fact that a photograph is incorrect in some particulars does not render it inadmissible as evidence but merely affects the weight thereof. In Management Services, Inc. v. Hellman, supra, it is also held that the fact that there have been substantial changes since the event and before the photographs were made will not necessarily exclude the photographs when the changes can be and are explained.

The lapse of time alone between the happening of an occurrence and the taking of the photograph is not a ground for rejecting a photograph as evidence. Monday v. Millsaps, supra.

Under Rule 11, of this Court, the admission of testimony will not constitute ground for reversal or a new trial unless it affirmatively appears that same was specifically stated and relied on in the motion for a new trial in the lower Court.

Considering the specific instructions of the Trial Judge to the jury regarding the introduction of these motion pictures, and considering all the other matters hereinabove referred to, we are of opinion that there is no reversible error shown in this record, therefore, the Assignments are overruled and the judgment of the Trial Court is affirmed.

Affirmed.

Humphreys and Puryear, JJ., concur.