**Silas C. CLARK, Plaintiff-Appellant,**

v.

**ST. THOMAS HOSPITAL, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 15, 1984.

Certiorari Denied by Supreme Court Sept. 24, 1984.

Calvin P. Turner, Mount Juliet, for plaintiff-appellant.

Mary Martin Schaffner, Douglas Fisher, Howell & Fisher, Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge (Middle Section).

Plaintiff has appealed from a jury verdict and judgment dismissing his suit for injuries sustained in a fall in defendant's hospital. The sole issue presented on appeal is the admission in evidence of a video tape of a reenactment of the occasion of his injury.

The background facts are undisputed.

Plaintiff entered the defendant hospital as a patient on October 7, 1977, and was discharged on November 12, 1977. On October 25, 1977, plaintiff's left kidney and spleen were surgically removed. On November 12, 1977, plaintiff was taken to the x-ray room where an x-ray picture was to be taken in a standing position. While standing for the picture, plaintiff fell and was injured.

The principal issue of fact relates to whether plaintiff was attended at the time of his fall. Plaintiff asserted that the x-ray technician was some distance away when she ordered him to move slightly; and, when he endeavored to do so without assistance, he fell. The technician testified that she went to plaintiff and was assisting him in a slight change of position when his knees began to buckle and she lowered him to the floor.

The video tape depicts a reenactment of the events just stated in which the technician performs her version of her actions and a third party performs the movements of plaintiff as described by the technician in her testimony. The technician testified that the movie was a fair representation of the events narrated in her testimony.

◼ Appellant argues:

Appellant contends that it is grossly unfair, inappropriate, judicially unsound and factually inaccurate to allow either party to a lawsuit to make an obviously rehearsed out of court movie of that party's version of how the alleged negligent act occurred for presentation to the jury. Should such a procedure be approved, the obvious next step in every major lawsuit would be to have a theatrical production shown for the jury. The convincing effect of such a production would be in excess of credibility ordinary testimony concerning the matter would be given and jury verdicts would be based, not on the true facts but, on a party's ability to glamorize their versions of the facts.

This Court respectfully disagrees with the foregoing argument as applied to the present case.

◼ First, the admission of the questionable evidence was *not* grossly unfair. Frequently witnesses are permitted to reenact before the jury the actions of the witness described in the testimony. Sometimes the

reenactment requires a second person to represent the other participant in the actions. Such evidence is not original evidence, but is illustrative evidence and is valid for consideration only to the extent that it illustrates facts otherwise shown by sworn testimony. Of such character was the evidence in question. The fundamental evidence to be considered by the jury was the sworn oral testimony of the witness who also swore that the reenactment was the same as her testimony. See *McCormick on Evidence* 2nd Edition, § 212, p. 527.

There is no unfairness in the fact that defendant's witness was supported by illustrative evidence, while plaintiff's testimony was not. There was no reason why plaintiff could not have reenacted the events by videotape or in person during his testimony. He did not see fit to do so. Actually, it would have been even simpler for plaintiff to illustrate his testimony. His version of the incident was that he was alone.

Appellant's fears about the ultimate result of allowing reenactments are unfounded, because the sound discretion of trial judges will prevent the abuse of the device in specific cases and in limiting the subject matter to facts stated in the sworn testimony being illustrated.

Appellant cites *Mize v. Skeen,* 63 Tenn. App. 37, 468 S.W.2d 733 (1971) which involved a motion picture depicting the static condition of an intersection and a vehicle moving in the manner in which testimony had shown the defendant's vehicle was moving at the time of the accident. In that opinion, this Court said:

▄ The general rule is that the admissibility of photographs is to be determined by the trial judge in the exercise of his sound discretion. *Monday v. Millsaps,* 37 Tenn.App. 371, 264 S.W.2d 6 [1953]; *Strickland Transp. Co. v. Douglas,* 37 Tenn.App. 421, 264 S.W.2d 233 [1953]. We know of no reason for a different rule to be applied to motion pictures. Generally the courts in other

jurisdictions have held motion pictures to be admissible in the discretion of the trial court when they are shown to be relevant and properly authenticated. See annotation in 62 A.L.R.2d 688. (at 46)

Appellant is largely but not completely correct in stating that the moving picture was confined to static conditions in *Lampley v. Waygood* 57 Tenn.App. 610, 422 S.W.2d 708 (1967). One of the issues in that case was the visibility of a vehicle as it rounded a curve and traversed a crest as it approached an intersection. The moving pictures were made from the position of the eyes of the driver of a vehicle about to enter the intersection from a side street and showed another vehicle approaching over the crest. The movement of the vehicle did illustrate the manner in which the approaching vehicle came into the view of the driver waiting at the intersection. In the cited opinion, this Court said:

The question whether a photograph is helpful or instructive to the jury on any material issue in the case, is generally a preliminary question to be determined by the Trial Judge, and the fact that a photograph is incorrect in some particulars does not render it inadmissible as evidence but merely affects the weight thereof.

▄ Considering the specific instructions of the Trial Judge to the jury regarding the introduction of these motion pictures, and considering all the other matters hereinabove referred to, we are of opinion that there is no reversible error shown in this record, ... (at 620, 422 S.W.2d 708)

Appellant cites *Summit County Development Corporation v. Bagnoli,* 1968, 166 Colo. 27, 441 P.2d 658, which is distinguishable on its facts. One of the issues in that case was the safety of the speed of the movement of a ski lift, and there was no evidence that the speed shown in the movie was the same as the speed at the time of the injury. Speed of movement has no such relation to the present issues which

**350**

involve manner of fall, i.e. unassisted or assisted. Also, in the cited case it was held that the trial court did not abuse its discretion in excluding the evidence.

Appellant's textual quotations from *Wigmore, McCormick* and Am Jur are reasonable and correct, but not applicable, for they appear to refer to original evidence as to which the rules of accuracy are more strict. As previously pointed out, in the present case the exhibit was illustrative and its admissibility was based upon its conformity to sworn testimony.

Appellant complains that the movie was not subject to cross examination. The witness whose testimony was illustrated was present for cross examination, and this was sufficient.

As early as 1912, the Tennessee Supreme Court recognized the value and admissibility of posed still pictures to illustrate the testimony of an eyewitness to the facts depicted. *Hughes v. State* 126 Tenn. 40, 148 S.W. 543 (1912). In the present case, no reason is seen for applying a different standard to a movie which did not distort or embellish sworn testimony.

For an extensive collection of authorities from other jurisdictions, see 32 C.J.S., Evidence, § 715, pp. 1016–1018 notes 76 and 76.5.

The admission of the challenged evidence was clearly within the proper scope of the discretionary powers of the Trial Judge. Any fears of the plaintiff as to prejudicial effect might have been readily relieved by a proper request for instructions to the jury as to the consideration of the evidence.

Appellant's sole issue is found to be without merit. The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded for such further proceedings as may be necessary and proper.

Affirmed & Remanded.

LEWIS and CANTRELL, JJ.