ANGIE BROOKS,                                          )
     Plaintiff/Appellant,                          )
                                             )
VS.                                                    )     Montgomery Circuit
                                             )     No. C8-412
KIMBERLY J. QUAM DAVIS and,                            )     and
GAYLE SCHAAL,                                          )     Montgomery Circuit
     Defendants/Appellees,                          )     No. C8-557
                                           )     Consolidated in Trial Court.
AND                                                    )     Appeal No.
                                           )     01-A-01-9509-CV-00402.
ERICA BROOKS, a minor b/n/f                            )
ANGIE BROOKS,mother and natural                        )
guardian,                                              )
     Plaintiffs/Appellants,                         )
                                           )
VS.                                                    )
                                           )
KIMBERLY J. QUAM DAVIS and                             )
AMY SCHAAL,                                            )
     Defendants/Appellees.                          )

<div style="border: 2px solid black; display: inline-block; padding: 10px; text-align: center;">

# FILED

**March 8, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

</div>

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE
APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE
HONORABLE ROBERT W. WEDEMEYER, JUDGE

PAUL WELKER
101 South Third Street
Clarksville, Tennessee  37040
ATTORNEY FOR PLAINTIFFS/APPELLANTS

Alan M. Sowell
GRACEY, RUTH, HOWARD, TATE & SOWELL
150 Second Avenue, North
Suite 201
Nashville, Tennessee  37201
ATTORNEY FOR DEFENDANT/APPELLEE
ALLSTATE INSURANCE COMPANY

William R. Pigue
William G. McCaskill, Jr.
TAYLOR, PHILBIN, PIGUE,
MARCHETTI & BENNETT
One Union Street
P.O. Box 198169
Nashville, Tennessee  37219-8169
ATTORNEY FOR DEFENDANT/APPELLEE
KIMBERLY J. QUAM DAVIS

MODIFIED, AFFIRMED AND REMANDED

                           HENRY F. TODD
                           PRESIDING JUDGE, MIDDLE SECTION
BEN H. CANTRELL, JUDGE, CONCURS AND
WILLIAM C. KOCH, JR., JUDGE, CONCURS IN SEPARATE OPINION.

ANGIE BROOKS, )
     Plaintiff/Appellant, )
      )
VS. )      Montgomery Circuit
      )      No. C8-412
KIMBERLY J. QUAM DAVIS and, )      and
GAYLE SCHAAL, )      Montgomery Circuit
     Defendants/Appellees, )      No. C8-557
      )      Consolidated in Trial Court.
AND )      Appeal No.
      )      01-A-01-9509-CV-00402.
ERICA BROOKS, a minor b/n/f )
ANGIE BROOKS,mother and natural )
guardian, )
     Plaintiffs/Appellants, )
      )
VS. )
      )
KIMBERLY J. QUAM DAVIS and )
AMY SCHAAL, )
     Defendants/Appellees. )

# O P I N I O N

This appeal is from the dismissal of the separate, but consolidated, suits of a mother and daughter for their personal injuries sustained while guest-passengers in a vehicle owned by Gayle (Amy) Schall and operated by Kimberly J. Quam Davis (hereafter "Ms. Davis"). Allstate Insurance Company (hereafter "Allstate") was served with process as an uninsured motorist insurer.

Gayle (Amy) Schall was dismissed by summary judgment upon her uncontradicted affidavit that Ms. Davis was not operating the subject vehicle as agent of Gayle (Amy) Schall. This is not questioned on appeal.

On May 28, 1992, Allstate answered admitting $25,000 uninsured motorist coverage of plaintiffs, but denying that either of the named defendants were uninsured.

On September 30, 1992, Ms. Davis answered stating:

> . . . Defendant admits that she was driving the aforesaid
> vehicle when she suddenly lost control of the vehicle, went off

the road and struck an embankment.  Defendant denies she was negligent in any way including that she failed to maintain a due and proper look out ahead, that she was operating her vehicle at a speed which was excessive under the conditions, that she drove her vehicle in a willful and wanton disregard for the safety of persons or property, and denies that as a direct and proximate result of defendant's alleged negligence, the plaintiff Angie Brooks received serious painful, disabling and permanent bodily injuries.

On October 24, 1994, the Trial Court entered judgment stating:

This cause came on to be heard on the 18th day of October, 1994, before the Court and jury, to wit:  Gloria Rye, Carmella Draa, Jody Burkhart, Steve Lannom, Holli Daniel, Louis Parham, Sandra Turner, Sherri Balthrop, Jannie James, Harriet Albright, James Hancock and David Trotter, upon the complaints, answers of defendant Kimberly J. Quam Davis, and answers of defendant Allstate Insurance Company, pursuant to T.C.A. §56-7-1206, the amended answer of defendant Kimberly J. Quam Davis allowed by the Court on defendant's motion to amend its answer to include the ". . . negligence of an unknown defendant whose vehicle came over the center line and forced her off of the road...", the testimony of witnesses heard in open court, a video deposition, and the entire record and from all of the proof the jury having found the issues in favor of the plaintiffs, Angie Brooks and Erica Brooks b/n/f Angie Brooks, against the unknown defendant and Allstate Insurance Company, assessed plaintiff's, Angie Brooks', damages at $25,000.00 for bodily injury, medical expenses and found the unknown defendant and Allstate Insurance Company 100 percent negligent and the defendant Kimberly J. Quam Davis zero percent negligent, and assessed plaintiff's, Erica Brooks' b/n/f Angie Brooks, damages at $10,000.00 for bodily injury, medical expenses and found the unknown defendant and Allstate Insurance Company 100 percent negligent and defendant Kimberly J. Quam Davis zero percent negligent.

It is therefore, ordered adjudged and decreed that the plaintiff, Angie Brooks, have and recover of the unknown defendant and Allstate Insurance Company, the sum of $25,000.00 for bodily injury, medical expenses and loss of earning capacity for which execution may issue if necessary, and plaintiff, Erica Brooks b/n/f Angie Brooks, have and recover of the unknown defendant and Allstate Insurance Company, the sum of $10,000.00 for bodily injury, medical expenses and loss of earning capacity for which execution may issue if necessary and that both causes of action are hereby dismissed against defendant Kimberly J. Quam Davis.

On October 25, 1994, Allstate Insurance Company moved the Trial Court to remove its name from the judgment on the grounds that the complaints fail to mention an unknown

-3-

motorist and no process was issued against an unknown motorist as required by TCA §56-7-1206(b).

On October 27, 1994, plaintiffs moved for a new trial on grounds that the Trial Court erroneously allowed Ms. Davis to amend her answer at the close of plaintiffs' proof to assert the fault of an unknown driver and erroneously admitted evidence of the unknown driver.

On November 7, 1994, Allstate moved to alter or amend the judgment to delete the name of Allstate from the judgment for the reasons already stated.

On February 24, 1995, Allstate filed an amended motion to alter or amend on the ground that no physical contact between the unknown vehicle and that of Ms. Davis and that the existence of the unknown motorist was not proven by clear and convincing evidence other than that furnished by the occupants of the Davis vehicle as required by T.C.A. Section 56-7-1201(e)(1)(B).

On May 11, 1995, the Trial Court overruled the motion for new trial of plaintiffs and struck the name of Allstate from the judgment.

On May 18, 1995, the Trial Court entered an amended judgment order stating:

> . . . [T]he jury having found the issues in favor of the plaintiffs, Angie Brooks and Erica Brooks b/n/f Angie Brooks, against the unknown defendant assessed plaintiffs, Angie Brooks', damages at $25,000.00 for bodily injury, medical expenses and found the unknown defendant 100 percent negligent and the defendant Kimberly J. Quam Davis zero percent negligent, and assessed plaintiffs, Erica Brooks' b/n/f Angie Brooks, damages at $10,000.00 for bodily injury, medical expenses and found the unknown defendant 100 percent negligent and defendant Kimberly J. Quam Davis zero percent negligent.
>
> It is therefore ordered, adjudged and decreed that the plaintiff, Angie Brooks, have and recover of the unknown defendant the sum of $25,000.00 for bodily injury, medical expenses and loss of earning capacity for which execution may issue if necessary,

and plaintiff, Erica Brooks b/n/f Angie Brooks, have and recover of the unknown defendant the sum of $10,000.00 for bodily injury, medical expenses and loss of earning capacity for which execution may issue if necessary and that both causes of action are hereby dismissed against defendant Kimberly J. Quam Davis.

The amended judgment omits the name of Allstate as requested in Allstate's motion.

From this judgment plaintiffs have perfected their appeal. Plaintiffs' brief presents no issues as required by T.R.A.P. Rule 27(a)(4). However, plaintiffs' brief argues that:

  I.  An affirmative defense must be set forth in a defendant's answer or it is waived.

  II.  The Trial Court erred in allowing the defendant to amend her answer to conform to the evidence.

Plaintiffs first cite T.R.C.P. Rule 8.03 which requires a party defendant to state facts relied upon to constitute comparative fault or an avoidance or affirmative defense. Plaintiffs argue that an unpled affirmative defense is waived. At the time the answers of Ms. Davis and Allstate were filed , Rule 8.03 did not include a requirement to affirmatively plead comparative negligence of another person. This requirement was added on July 1, 1993.

The record does not contain the "amended answer of Kimberly J. Quam Davis" mentioned in the judgment of the Trial Court which recites that the answer included "the negligence of an unknown defendant whose vehicle came over the center line and forced her off the road."

The transcript records that, on October 19, 1994, before defendants presented their evidence, plaintiffs moved to exclude any evidence of an unknown motorist because not pled; that, the Trial Judge orally stated:

  The rule on amending pleadings to conform to the proof is to be liberally construed. In the deposition of Kimberly J. Davis, which has been filed with the court on October 14th, filed with the clerk and made a part of File No. C8-557, Ms. Davis'

deposition was taken December 17, 1992. Mr. Welker, counsel for the plaintiff, was present, along with two other attorneys, Mr. Batson and Mr. McCoy.

On page 18, I believe this is Mr. Welker asking the questions. It appears to be. Question -- pardon me. It starts on the bottom of page 17 line 25.

Q. "All right. Okay. All right. Now, just in your own words, tell me what happened, how this accident happened."

A. "We were going down Tiny Town Road. There was another car over in my lane, and I went over to move -- you know, to miss it. And we went off in the ditch."

. . . .

Now, this deposition indicates to me that the issue of another car being involved is certainly not -- this is not the first time that the plaintiff has been aware of this. . . .

But since it's not a surprise, and the plaintiff has had ample time to deal with the issue one way or the other, then I'm going -- assuming that she testifies similarly to how she did in her deposition, then I'm going to allow the defendant to amend -- to amend the answer to conform to the proof in the case.

There were no special requests for instructions, but the Trial Court did instruct the jury as follows:

In this case it is claimed that an unknown driver of another vehicle was at fault in the occurrence in question. Even though that person has not appeared or offered evidence, it is necessary for you to determine whether that person was at fault in the collision or the occurrence and determine the percentage of fault, if any, chargeable to that person.

T.R.C.P. Rule 15.01 and 15.02 provide in pertinent part as follows:

**15.01 Amendments. -** A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleadings is permitted and the action has not been set for trial, he may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires. . . .

**15.02 Amendments to Conform to the Evidence. -** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them

-6-

> to conform to the evidence and to raise these issues may be
> made upon motion of any party at any time, even after
> judgment; but failure so to amend does not affect the result of
> the trial of these issues. . . .

Wide discretion is vested in the Trial Judge in granting or refusing amendment at any stage of the proceedings before final submission to the jury, and such discretion will not be disturbed unless abused. *Womble v. Walker,* 216 Tenn. 27, 390 S.W.2d 208 (1965); *Daniels v. Talent,* 212 Tenn. 447, 370 S.W.2d 515 (1963); *Diversified Equities Inc. v. Warren,* Tenn. App. 1976, 567 S.W.2d 171.

Although it would have been better procedure to require the defendants to submit their amended answers in writing, the failure to do so does not alter the fact that the Trial Judge acted within the bounds of his discretion and committed no reversible error under the circumstances.

Allstate presents the additional argument that plaintiffs are not entitled to recover on the uninsured motorist coverage because of failure to issue process against the unknown motorist or to prove the existence of the unknown motorist as required by the statute. Since Allstate's removal from the judgment has not been challenged on appeal, this argument appears to be moot, except that it calls attention to the fact that the Trial Court has rendered judgment against John Doe without issuance or service of any process to impose personal jurisdiction and judgment upon John Doe.

The statute, Section 56-7-1206, establishes a fictional unknown party for purposes of imposing liability upon the uninsured motorist insurer. The statute does not, and could not constitutionally, provide for the entry of a judgment which would be enforceable against an unknown party who had no actual or constructive knowledge of the proceeding. Although, as a practical matter, the judgment against John Doe is worthless, the preservation of the

integrity of the judicial process requires that this Court remedy the situation by vacating the judgment against John Doe.

Accordingly, the judgment of the Trial Court is modified by vacating and deleting the judgment against John Doe and by taxing all Trial Court costs again the plaintiffs. As modified, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed against plaintiffs and their surety. The cause is remanded for further proceedings in conformity with this opinion.

Modified, Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE, CONCURS

WILLIAM C. KOCH, JR., JUDGE, CONCURS
IN SEPARATE OPINION.